United States District Court
Middle District of Florida
Jacksonville Division

**RICKY HARRIS,**

 *Plaintiff,*

v.                 NO. 3:22-CV-1115-MMH-PDB

**DONALD TRUMP,**

 *Defendant.*

## Report & Recommendation

 Proceeding without a lawyer, Ricky Harris filed a complaint against former President Donald Trump, Doc. 1, and a motion to proceed in forma pauperis, Doc. 2.

 Mr. Harris alleges the former President "made lies about taxes and other federal issues." Doc. 1 at 3. According to him, "Donald trump took from many american including myself all my Information Has been Leaked to Secret Service, also He Has the FBI, Secret Service to take my Document, of my personal Information to be leaked In the USA[.]" Doc. 1 at 4. He fails to identify any law the former President allegedly violated, fails to identify what information the former President allegedly obtained and leaked, fails to allege harm from the asserted leak, and fails to state a demand for the relief sought. *See* Doc. 1.

The undersigned directed Mr. Harris to show cause why the case should not be dismissed for failure to state a claim on which relief can be granted; established a December 2, 2022, deadline; and warned, "If he fails to timely respond and show cause, the undersigned will recommend dismissing the action without prejudice." Doc. 3. Mr. Harris failed to respond.

A court may dismiss a case for failure to comply with an order; the "court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

Here, dismissal is warranted because Mr. Harris has failed to comply with the order to show cause.* The undersigned **recommends** dismissing the case without prejudice and directing the clerk to close the file.

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of

---

*Additional reasons dismissal is warranted or likely warranted exist (for example, failure to state a claim on which relief can be granted and frivolousness), but in the interest of judicial economy, those reasons need not be addressed.

2

the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on December 8, 2022.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Ricky Harris
6941 N. Main Street
Jacksonville, FL 32208